IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

COURTNEY E.N. TELLES,

     Plaintiff,

     v.                                       CIVIL NO. 4:20cv6

SEAWORLD PARKS &
ENTERTAINMENT LLC,

     Defendant.

## OPINION AND ORDER

This personal injury action arises from an incident that occurred on September 30, 2018, when Ms. Courtney E.N. Telles ("Plaintiff") attended the Howl-O-Scream event at Busch Gardens Williamsburg. Plaintiff claims that an unidentified employee of defendant SeaWorld Parks & Entertainment LLC's ("Defendant SeaWorld"), who was dressed up as a clown, intentionally startled Plaintiff causing her to hit her head on a set of lockers and suffer serious injuries. ECF No. 22. Plaintiff's second amended complaint fails to specify in particular counts the exact causes of action being pursued against Defendant SeaWorld. However, this Court, in an endeavor to clarify these allegations, which are lumped together, has discerned the following alleged causes of action and listed them in counts: first, Count I, assault (ECF No. 22 ¶10); second, Count II, negligence under a premise's liability theory (id. ¶ 12); third, Count III, negligent training and supervision (id. ¶¶ 14(a)–(b)); fourth, Count IV, simple negligence (id. ¶14(c)); and fifth, Count V, gross negligence (id. ¶ 14). Defendant SeaWorld now moves to dismiss Plaintiff's second amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. ECF No. 24. The Court concludes that oral argument is unnecessary because the

1

facts and legal arguments are adequately presented in the parties' briefs.  For the reasons stated herein, Counts II, III, and V of the second amended complaint are **STRICKEN** on the Court's own motion, and Defendant SeaWorld's motion to dismiss with respect to the remaining Counts I and IV are **GRANTED**.

## I.    PROCEDURAL HISTORY

On November 19, 2019, Plaintiff commenced this personal injury action against Busch Entertainment Corp., d/b/a SeaWorld Parks & Entertainment, LLC d/b/a Busch Gardens Williamsburg in the Circuit Court for the City of Norfolk seeking $1,500,000 in damages for injuries she suffered at Busch Gardens Williamsburg on September 30, 2018. See Circuit Court Complaint, ECF No. 1-1 ("Cir. Ct. Compl.") at 6.

On December 20, 2019, Defendant SeaWorld removed the action to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  ECF No. 1.  On December 27, 2019, Defendant SeaWorld filed a motion to transfer this case from the Norfolk Division to the Newport News Division pursuant to 28 U.S.C. § 1404 ("Motion to Transfer") as well as a memorandum in support of its Motion to Transfer.  ECF Nos. 5, 6. On that same date, Defendant SeaWorld filed a motion to dismiss for failure to state a claim under Rule 12(b)(6) as well as a memorandum in support of its Motion to Dismiss ("First Motion to Dismiss").  ECF Nos. 7, 8. Defendant SeaWorld's First Motion to Dismiss sought to dismiss Plaintiff's Complaint with prejudice.  ECF No. 7 at 1. Defendant SeaWorld's First Motion to Dismiss also stated that Plaintiff "[i]ncorrectly identified in the caption as 'Busch Entertainment Corp. d/b/a SeaWorld Parks & Entertainment, LLC.' Busch Entertainment Corporation was converted into a limited liability company on November 19, 2009, and thereafter merged with SeaWorld, which is the sole surviving entity." Id. at 1 n.1.

2

On December 31, 2019, Plaintiff filed a motion to amend/correct complaint and correct misnomer ("Motion to Amend and Correct Misnomer") and a brief in support. ECF Nos. 9, 10. On January 2, 2020, Plaintiff sought an extension of time to respond to Defendant SeaWorld's First Motion to Dismiss ("First Motion for Extension"). ECF No. 11. On January 2, 2020, the Court granted Plaintiff's unopposed Motion to Amend and Correct Misnomer and held that Defendant SeaWorld need not file new responsive pleadings and that SeaWorld's previously filed responsive pleadings were deemed filed in response to Plaintiff's amended complaint. ECF No. 12. Plaintiff filed her amended complaint on January 6, 2020 ("First Amended Complaint"). ECF No. 13. The First Amended Complaint alleges four claims against Defendant SeaWorld: (1) assault; (2) negligence under a premise's liability theory; (3) negligent training and supervision; and (4) simple negligence. Id. On January 6, 2020, The Honorable Magistrate Judge Douglas E. Miller granted Plaintiff's First Motion for Extension to respond to Defendant SeaWorld's First Motion to Dismiss. ECF No. 14.

On January 17, 2020, the Court granted Defendant SeaWorld's Motion to Transfer and the case was transferred from the Norfolk Division to the Newport News Division. ECF Nos. 16, 17. On January 17, 2020, Plaintiff filed a response in opposition to Defendant SeaWorld's First Motion to Dismiss. ECF No. 17. On January 23, 2020, Defendant SeaWorld filed a reply brief. ECF No. 18. On February 3, 2020, Defendant SeaWorld requested oral argument for its pending First Motion to Dismiss, stating that both parties agreed that oral argument was appropriate. ECF No. 19. On February 24, 2020, the Court conducted a hearing on same ("Motion to Dismiss Hearing"). ECF No. 20. At the conclusion of the Motion to Dismiss Hearing, the Court ruled from the bench and granted Defendant SeaWorld's First Motion to Dismiss and dismissed Plaintiff's First Amended Complaint as follows. The Court dismissed Count II, the negligence under a premise's

liability theory claim, and Count III, the negligent training and supervision claim, with prejudice. See Transcript of Motion to Dismiss Hearing, ECF No. 23 ("Tr. Mot. to Dismiss Hr'g") at 8:7–10. The Court dismissed Count I, the assault claim, and Count IV, the simple negligence claim, without prejudice. Id. at 9:6–9; 11:1–6. The Court also granted Plaintiff leave to amend Counts I and IV by filing an amended complaint within fourteen (14) days, which was memorialized in a written Order. Id.; ECF No. 21.

Based on the Court's bench ruling during the Motion to Dismiss Hearing and its February 25 Order, Plaintiff filed her second amended complaint ("Second Amended Complaint") on March 6, 2020. See Second Amended Complaint, ECF No. 22 ("Second Am. Compl."). The Second Amended Complaint provides additional factual details and realleges the same four claims against Defendant SeaWorld, and asserts a fifth claim of gross negligence, despite the Court's rulings from the bench.[1]

On March 20, 2020, Defendant SeaWorld filed the instant Motion to Dismiss Plaintiff's Second Amended Complaint ("Second Motion to Dismiss") along with a Memorandum in Support of its Motion to Dismiss Plaintiff's Second Amended Complaint ("Memorandum in Support"). ECF Nos. 24, 25. On April 2, 2020, Plaintiff filed a motion and brief in support for extension of time to file a response to Defendant SeaWorld's Motion to Dismiss ("Second Motion for Extension"), which was granted by The Honorable Magistrate Douglas E. Miller on April 3, 2020. ECF Nos. 26, 27. Plaintiff filed her response in opposition to Defendant SeaWorld's Second Motion to Dismiss on May 4, 2020, and conceded that the Court previously ruled "that this case may continue as to the intentional tort of assault. . . ." ("Response in Opposition"). ECF No. 28 at

---

[1] The Court during the Motion to Dismiss hearing did not give Plaintiff leave to amend her First Amended Complaint to add additional claims, such as the new gross negligence claim. Instead the Court granted Plaintiff limited leave to amend her assault claim (Count I) and simple negligence claim (Count IV). See Tr. Mot. to Dismiss Hr'g at 9:6–9–11:1–6.

1–2. On May 11, 2020, Defendant SeaWorld filed its reply to Plaintiff's Response in Opposition ("Reply"). ECF No. 29. The Court in this era of pandemics declined to set the matter for hearing because the facts and legal arguments are adequately presented in the parties' briefs and oral argument would not aid in the Court's decisional process. See Fed. R. Civ. P. 78. Defendant SeaWorld's Second Motion to Dismiss is now before the Court. ECF No. 24.

## II.   FACTUAL BACKGROUND

The facts recited herein are drawn from the Plaintiff's Second Amended Complaint and are assumed true only for purposes of deciding the motion to dismiss currently before the Court. They are not to be considered factual findings by this Court. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

This personal injury action arises from an unidentified SeaWorld employee, who was dressed up as a clown, intentionally startling Plaintiff causing her to hit her head on a set of lockers (the "Howl-O-Scream Incident"). Sec. Am. Compl. ¶¶ 5–9. Specifically, on September 30, 2018, at approximately 6:55 p.m., Plaintiff and a friend, Mr. John Dickerson ("Mr. Dickerson"), were attending the Howl-O-Scream Halloween event at Busch Gardens amusement park located in Williamsburg, Virginia ("Busch Gardens Williamsburg"). See id. ¶¶ 1,6,13. Busch Gardens Williamsburg is owned and operated by Defendant SeaWorld.

According to the Second Amended Complaint, Plaintiff and Mr. Dickerson were lawfully situated at the set of blue rental lockers located near the entrance of the ride Tempesto, which is in the Italy section of Busch Gardens Williamsburg, when the Howl-O-Scream Incident occurred. Id. ¶ 12. Plaintiff states that she and Mr. Dickerson were attempting to secure their personal items in the blue rental lockers in order to ride Tempesto, when "a fully costumed, make-up dressed, bald-head, angry-yet odd, smiling park employed clown" crept up behind her, "whisper[ed]

5

something unintelligible in her right ear . . . and then holler[ed] out[.]" Id. ¶¶ 7–8.  Plaintiff alleges

that when the unidentified employee of Defendant SeaWorld crept up behind her she was bent

over, facing the lockers, focused on securing her belongings, and "unaware of what was going on

behind her." Id. ¶¶ 6–8.  However, Plaintiff also states that right before the unidentified employee

crept up behind her, "she felt and could quickly sense something awry." Id. ¶ 8.  Plaintiff alleges

that the unidentified employee of Defendant SeaWorld intentionally startled, assaulted and

frightened her, causing her to "lurch[] up, shocked, scared and totally frightened. . . [and] fall

backwards and strike her head on a set of lockers. . . ." Id. ¶¶ 9, 10, 12.  Plaintiff alleges that

immediately after the Howl-O-Scream Incident, she felt pain and that "the costumed clown and

another defendant employed actor quickly exited the blue rental locker area in unison. . . [and

were] not seen again while the Plaintiff is at the theme park." Sec. Am. Compl. ¶ 9.  Plaintiff

contends that her friend, Mr. Dickerson, witnessed the entire Howl-O-Scream Incident. Id.

  Plaintiff alleges that an unidentified employee of Defendant SeaWorld startled her, and

that his true identity was concealed because he was "fully costumed, [and] dressed [as a] bald-

head[ed], angry-yet odd, smiling clown." Id. ¶¶ 7,11. Plaintiff also contends that "[t]he only

information known by the [P]laintiff was that the clown was a[n] [alleged] male employee, wearing

a costume with red hair, a frilled collar and had on exaggerated makeup." Id. ¶ 11.  Plaintiff further

argues that she had a "reasonable expectation of being in located in a safe zone," and was "mentally

not expecting to be intentionally frightened, scared, or startled by a Howl-O-Scream actor." Id. ¶¶

6–7.  As a result of the Howl-O-Scream Incident, Plaintiff contends that has sustained serious and

permanent injuries from alleged interaction, which "will continue to disable [P]laintiff from all

other activities formerly associated with her person and station in life." Id. ¶¶ 15–18.

### III.   LEGAL STANDARD

Defendant SeaWorld moves to dismiss Plaintiff's Second Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.   The function of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint.   Neitzke v. Williams, 409 U.S. 319, 326–27 (1989).

A Rule 12(b)(6) motion permits dismissal of a complaint where it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).   A Rule 12(b)(6) motion must be read in conjunction with Rule 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 550 (2007) (internal quotation omitted).   To survive a motion to dismiss, the complaint need not contain detailed factual allegations, but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.   The claim must be "plausible on its face." Id. at 570.

When reviewing the legal sufficiency of a complaint, the Court must construe the factual allegations "in the light most favorable to plaintiff." Schatz v. Rosenberg, 943 F.2d 485, 489 (4th Cir. 1991) (quotation omitted); Davis, 896 F. Supp. at 566 (citing Martin Marietta Corp. v. Int'l Telecomm. Satellite Org., 991 F.2d 94, 97 (4th Cir. 1992)).   "Although a complaint need not contain detailed factual allegations, '[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.'" Andreana v. Virginia Beach City Pub. Sch., No. 2:17-CV-574, 2018 WL 2182297, at *5 (E.D. Va. May 9, 2018) (quoting Twombly, 550 U.S. at 555).

Legal conclusions, which provide the complaint's framework, are not entitled to the

assumption of truth if they are not supported by factual allegations.  Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678.  If the factual allegations alleged by the plaintiff do not nudge the plaintiff's claims "across the line from conceivable to plausible, their complaint must be dismissed." Twombly, 550 U.S. at 570.  Additionally, "a plaintiff may not introduce new allegations or new facts in an opposition to a defendant's motion to dismiss." Hooker v. Disbrow, No. 1:16-CV-1588-GBL-JFA, 2017 WL 1377696, at *4 (E.D. Va. Apr. 13, 2017) (citing Barclay White Skansa, Inc.v. Battelle Mem'l Inst., 262 Fed. Appx. 556, 563 (4th Cir. 2008) (stating that plaintiffs may not amend their complaint through briefs in opposition to a motion for summary judgment)).

The Fourth Circuit has held that a motion to dismiss under Rule 12(b)(6) should be granted only in "very limited circumstances." Rogers v. Jefferson–Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989).  However, dismissal is appropriate if it appears that the plaintiff is not "entitled to relief under any legal theory which might plausibly be suggested by the facts alleged." Harrison v. United States Postal Serv., 840 F.2d 1149, 1152 (4th Cir. 1988) (citation omitted); Davis v. Hudeins, 896 F. Supp. 561, 566 (E.D. Va. 1995) (citing Conley v. Gibson, 355 U.S. 41, 45–46 (1957)).

## IV.   DISCUSSION

As noted above, Plaintiff's Second Amended Complaint asserts five[2] causes of action against Defendant SeaWorld in relation to the Howl-O-Scream Event.  Defendant SeaWorld, in its Second Motion to Dismiss, seeks dismissal of all Plaintiff's claims.

---

[2] It is unclear to the Court whether Plaintiff's Second Amended Complaint actually seeks to replace her original claim of simple negligence with a gross negligence claim or whether Plaintiff seeks to also allege a claim for gross negligence in addition to her claim of simple negligence.

However, before the Court turns to the merits of Defendant SeaWorld's Second Motion to Dismiss, the Court notes that Plaintiff's Second Amended Complaint does not comport with the Court's bench ruling during the Motion to Dismiss Hearing for two reasons—first, Plaintiff's Second Amended Complaint reasserts the very claims—Count II, the negligence under a premise's liability theory claim, and Count III, the negligent training and supervision claim—that the Court previously dismissed with prejudice; and second, Plaintiff's Second Amended Complaint seeks to assert a new claim of gross negligence, without leave of the Court.

Plaintiff in her Response in Opposition, "acknowledges that she refiled her original negligence cause of action, in abundance of caution, to maintain any and all factual underpinnings that were considered in this Honorable Court's ruling [during the Motion to Dismiss Hearing] . . . [And] Plaintiff understands that the negligence count is stricken by this Court." ECF No. 28 at 1–2. However, Plaintiff's Response in Opposition does not address her new claim of gross negligence.

During the Motion to Dismiss Hearing, the Court only granted Plaintiff leave to amend her assault claim (Count I) and simple negligence claim (Count IV).[3] Nonetheless, Plaintiff reasserted Counts II and III and seems to add a fifth claim of gross negligence. These claims exceed scope of the Court's bench ruling and thus are not properly before the Court. Therefore, on the Court's own Motion, Count II, Count III, and Count V, Plaintiff's new gross negligence claim, are hereby stricken pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. Accordingly, Defendant SeaWorld's Second Motion to Dismiss with respect to these claims is dismissed as moot. Because Counts II, III, and V are stricken, the only issues before the Court is whether Plaintiff's remaining

---

[3] During the Motion to Dismiss Hearing, the Court did not dismiss with prejudice Plaintiff's Count IV, simple negligence claim, instead the Court only dismissed Count II, the negligence under a premise's liability theory claim, and Count III, the negligent training and supervision claim.

causes of actions, Counts I (negligence) and IV (simple negligence), as amended, state claim for relief sufficient to survive Defendant SeaWorld's pending Motion to Dismiss. The Court will address each claim in turn.

### A. PLAINTIFF'S ASSAULT CLAIM

As noted above, Count I asserts a state law claim of assault against Defendant SeaWorld. See Sec. Am. Compl. ¶ 10. To state a claim of assault under Virginia law, a plaintiff must allege that "(1) 'an act intended to cause either [ (a) ] harmful or offensive contact with another person or [ (b) ] apprehension of such contact' (2) 'that creates in that other person's mind a reasonable apprehension of an imminent battery.'" Dao v. Faustin, 402 F. Supp. 3d 308, 317 (E.D. Va. 2019) (quoting Koffman v. Garnett, 574 S.E.2d 258, 261 (Va. 2003) ((citing Restatement (Second) of Torts § 21 (1965)). "Unlike the tort of battery, '[t]here is no requirement that the victim of such acts be physically touched.'" Pendleton v. Nat'l Wildlife Fed'n, No. CIV.A 5:10CV00009, 2010 WL 1212566, at *4 (W.D. Va. Mar. 26, 2010) (quoting Etherton v. Doe, 268 Va. 209, 597 S.E.2d 87, 89 (Va. 2004)).

Plaintiff's claim for assault is premised on the Howl-O-Scream Incident that occurred on September 30, 2018, while Plaintiff and her friend Mr. Dickerson attended the Howl-O-Scream event at Busch Gardens Williamsburg. See Sec. Am. Compl. ¶¶ 1,7. As previously summarized, Plaintiff alleges that while she was attempting to secure her personal items in the blue rental lockers, an alleged employee of Defendant SeaWorld, who was dressed up as a clown, crept up behind her, "whisper[ed] something unintelligible in her right ear . . . and then holler[ed] out[.]" Id. ¶¶ 5–8. Plaintiff alleges that when the unidentified employee of Defendant SeaWorld crept up behind her she was bent over, facing the lockers, focused on securing her belongings, and "unaware of what was going on behind her." Id. ¶¶ 6–8. However, Plaintiff also states that right before the

unidentified employee of Defendant SeaWorld crept up behind her, "she felt and could quickly sense something awry." Id. ¶ 8. Plaintiff alleges that the unidentified employee of Defendant SeaWorld intentionally startled, assaulted and frightened her, causing her to "lurch[] up, shocked, scared and totally frightened. . . [and] fall backwards and strike her head on a set of lockers. . . ." Id. ¶¶ 9, 10, 12.

Defendant SeaWorld contends that Plaintiff's Count I should be dismissed because Plaintiff's Second Amended Complaint, like the First Amended Complaint, "fails to plead any actual threat, 'harmful or offensive contact' (she pleads no physical contact at all), or other details [from the Howl-O-Scream Incident] that would lead to a plausible claim for tortious assault." ECF No. 25 at 4. In fact, Defendant SeaWorld argues that the entire factual support for Plaintiff's Count I "is the allegation that 'plaintiff was intentionally startled, assaulted, and frightened. . . .'" Id. (citing Sec. Am. Compl. ¶ 10). Defendant SeaWorld also contends that Plaintiff's attempt to provide additional support for Count I—namely, the allegation that "[a] man [dressed as a clown] whisper[ed] something unintelligible in to [Plaintiff's] right ear and side of her front-facing head and then hollers out!" (Sec. Am. Compl. ¶ 8)—is insufficient to plausibly suggest that Plaintiff was placed in reasonable apprehension of imminent battery. ECF No. 25 at 4–5. This is because "there is no mention of any contact whatsoever, and whatever the clown said was 'unintelligible'— which, by definition, means she didn't hear what he said and could not have plausibly thought it was a threat that would cause a reasonable apprehension of imminent battery." Id.

Defendant SeaWorld relies Eastern District of Virginia case, Daly v. Virginia, No. 3:14CV250-HEH, 2014 WL 2759078, at *10 (E.D. Va. June 17, 2014), as support. In Daly, the court found that Virginia ABC agents who allegedly "bang[ed] on the passenger's side window and shout[ed] at [p]laintiff may have been unsettling, but falls short of plausibly placing [p]laintiff

in reasonable apprehension of bodily harm." No. 3:14CV250-HEH, 2014 WL 2759078, at *10 (E.D. Va. June 17, 2014). Based on Daly, Defendant SeaWorld contends that "[i]f banging on a window and shouting is not enough to state a claim for assault, then certainly Plaintiff's claims [regarding the Howl-O-Scream Incident] . . . must fail as a matter of law. The fact that Plaintiff has alleged she was in a "safe zone" [the] "Howl-O-Scream" [event] does nothing to change the analysis." Id. at 5.

The Court previously dismissed Plaintiff's Count I without prejudice because it could not reasonably infer from the facts alleged in Plaintiff's First Amended Complaint that the Howl-O-Scream Incident and the actions of the unidentified employee of Defendant SeaWorld stemming thereof constituted an assault against Plaintiff. Mot. to Dismiss Tr. at 9:6–10 ("…but you're going to have to set forth the facts which constitute an assault. It's not present in these facts."). The Court has reviewed Plaintiff's Second Amended Complaint finds that Plaintiff has failed to cure this factual deficiency and provide this Court with allegations that could "nudge [P]laintiff's claims 'across the line from conceivable to plausible.'" Twombly, 550 U.S. at 570.

Specifically, the Court finds that Plaintiff's Second Amended Complaint does not adequately allege necessary elements of assault—i.e. any actual threat, "harmful or offensive contact[,]" or any apprehension of an immediate battery. Rather, the Court finds that Plaintiff's attempt to bolster her assault claim through the addition of factual allegations—namely, the allegation that the unidentified employee of Defendant SeaWorld whispered something unintelligible in her right ear before hollering out—falls short of plausibly placing Plaintiff in reasonable apprehension of bodily harm.[4] The Court reaches this conclusion because any inference of Plaintiff's apprehension of imminent battery by the unidentified employee of

---

[4] The Court finds that the new factual allegations in Plaintiff's Second Amended Complaint also fail to plead that there was an actual threat or harmful or offensive contact.

Defendant SeaWorld is discredited by the affirmative allegations that (1) prior to the employee hollering out Plaintiff was bent over, facing the lockers, focused on securing her belongings, unaware of what was going on behind her; and (2) that she could not comprehend the forewarning unintelligible whisper.

Moreover, the Court finds that Plaintiff's allegations in her Second Amended Complaint are insufficient to establish a cause of action for assault based on relevant case law in the Eastern District of Virginia as well in the Virginia state courts. For example, the Virginia Supreme Court in <u>Kaufman</u> held that the plaintiff's pleadings were insufficient to establish a claim of assault against defendant because the plaintiff did not have apprehension of imminent battery "in the very short period of time that it took the coach to lift Andy into the air and throw him violently to the ground." 574 S.E.2d at 261; <u>see also</u> Bowles v. May, 166 S.E. 550, 553 (Va. 1932) (holding that the facts of record were insufficient to prove a claim for assault, where the only evidence to support the claim was that the defendant shook his finger at the plaintiff "while the parties were seated and plaintiff was some eight feet or more from where defendant was sitting"). Similarly, the district court in <u>Daly</u>, dismissed the plaintiff's assault claim and found that allegations of Virginia ABC officers "banging on the passenger's side window and shouting at [the p]laintiff [while he was in the vehicle] may have been unsettling, [but fell] short of plausibly placing [the p]laintiff in reasonable apprehension of bodily harm." No. 3:14CV250-HEH, 2014 WL 2759078, at *10 (E.D. Va. June 17, 2014); <u>see</u> Balas v. Huntington Ingalls Industries, Inc., 711 F.3d 401, 412 (4th Cir. 2013) (affirming the dismissal of the plaintiff's assault claim because plaintiff failed to show that her supervisor's hug "was harmful or offensive, or that [her supervisor] intended the hug to involve any contact beyond the hug itself or intended to make [the plaintiff] think that it would. The circumstances indicate that the requisite intent was absent, and any apprehension of an imminent

battery [the plaintiff] might have felt was not objectively reasonable.").

Accordingly, Count I of Plaintiff's Second Amended Complaint is dismissed and Defendant SeaWorld's Second Motion to Dismiss is granted.

### B. PLAINTIFF'S NEGLIGENCE CLAIM

Count IV of Plaintiff's Second Amended Complaint asserts a simple claim of negligence against Defendant SeaWorld. Sec. Am. Compl. ¶ 14(c). However, based on Plaintiff's Response in Opposition to Defendant SeaWorld's Second Motion to Dismiss, it seems that Plaintiff no longer seeks to assert any type of negligence claim against Defendant SeaWorld. ECF No. 28 at 1–2 ("Plaintiff asks this court to only sustain, consistent with its ruling from the bench at oral argument the denial of the motion as to the civil assault cause of action. . . . Plaintiff understands that the negligence count is stricken by this Court."). To the extent Plaintiff misunderstood the Court's ruling from the bench during the Motion to Dismiss Hearing—which permitted Plaintiff to proceed with Count IV—and Plaintiff has not conceded the viability of her negligence claim, the Court will briefly discuss such claim below.

To state a claim of negligence under Virginia law, a "[p]laintiff must allege that (i) [d]efendants owed him a legal duty; (ii) [d]efendants breached that legal duty; (iii) [p]laintiff suffered damages; and (iv) the damages were proximately caused by [d]efendants' actions." Vaughn v. Patient First, No. 4:16CV39, 2016 WL 11673421, at *5 (E.D. Va. Aug. 10, 2016) (citing Federico v. Lincoln Military Hous., LLC, 127 F. Supp. 3d 623, 641 (E.D. Va. 2015)).

Plaintiff's Second Amended Complaint alleges that Defendant SeaWorld was negligent because (1) it owed various duties to Plaintiff including, the duty "to exercise reasonable care for the safety of the [P]laintiff[;]" (2) that Defendant SeaWorld breached such duties; (3) that Plaintiff suffered serious injuries as a result of Defendant SeaWorld's breaches and the Howl-O-Scream

Incident; and (4) that Defendant SeaWorld's "negligence and recklessness" was "a direct and proximate" cause of Plaintiff's injuries and damages. Sec. Am. Compl. ¶¶ 14(c), 15–17.

Defendant SeaWorld contends that Plaintiff's Count IV must be dismissed because Plaintiff fails to plead (1) "facts showing how [Defendant] SeaWorld breached any duty to Plaintiff, or that any such breach was the proximate cause of her alleged damages [from the Howl-O-Scream Incident ;]" and (2) "any respondeat superior liability such that [Defendant] SeaWorld could be liable for the unknown employee's actions." ECF No. 25 at 6. Specifically, Defendant SeaWorld argues that Plaintiff's negligence claim rests on three duties: (1) the duty to "exercise ordinary care in the maintenance of its premises to protect the plaintiff from harm and owed a duty to warn of any dangerous or hazardous conditions." (Sec. Am. Compl. ¶¶ 4,14(d)); (2) the duty to train, supervise, and monitor its employees; (id. ¶¶ 14(a)-(b)); and (3) the duty to "exercise reasonable care for Plaintiff's safety[]" (id. ¶14(c)). Two of these duties—the duty to maintain the premises and the duty to train, supervise, and monitor its employees—were dismissed by this Court during the Motion to Dismiss Hearing. Id. at 7. Defendant SeaWorld argues to the extent it did have a duty "to exercise reasonable care for Plaintiff's safety[,]" Plaintiff has failed to "plead any factual allegations tending to show that [Defendant] SeaWorld was, itself, negligent, nor does Plaintiff plead a breach of duty attributable to [Defendant] SeaWorld." Id.

Defendant SeaWorld also argues that to the extent Plaintiff relies on the theory of respondeat superior as a basis for attributing liability to Defendant SeaWorld for the unidentified employee's alleged intentional actions that caused the Howl-O-Scream Incident, the Second Amended Complaint offers no new substantive support for this allegation. Moreover, SeaWorld argues "[e]ven if Plaintiff were able to establish the clown was a SeaWorld employee, she pleads that the clown's acts were intentional. . . [and] [o]ne cannot be intentionally negligent in Virginia."

Id. at 8 n.3 (quoting Willoughby v. Virginia, Civil Action No. 3:16cv784, 2017 U.S. Dist. LEXIS 153417, at *17 (E.D. Va. Sep. 20, 2017)).

The Court agrees and finds that Plaintiff's Second Amended Complaint fails to plausibly allege a claim of negligence against Defendant SeaWorld. At bottom, the Court takes issue with the "duty" and "breach" prongs requisite to establishing simple negligence. Specifically, the Court finds that even though Plaintiff's Second Amended Complaint alleges that Defendant SeaWorld had a duty "to exercise reasonable care for Plaintiff's safety[,]" Plaintiff fails provide any factual allegations to show how Defendant SeaWorld breached such duty in connection with the Howl-O-Scream Incident, or how Defendant SeaWorld would be responsible for its unidentified employee's alleged actions during the Howl-O-Scream Incident. "Negligence cannot be presumed solely because an accident occurred." Kerzner v. Home Depot, U.S.A., Inc., No. 2:19-CV-618, 2020 WL 1237009, at *2 (E.D. Va. Mar. 13, 2020). Thus, because Plaintiff has failed to satisfy the duty and breach prongs required to establish simple negligence, Plaintiff's Count IV is dismissed and Defendant's Second Motion to Dismiss Count IV should be granted.

## V.    CONCLUSION

For the foregoing reasons, Plaintiff's Counts II, III, and V of the Second Amended Complaint are **STRICKEN** pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. ECF No. 22. Accordingly, Defendant SeaWorld's Second Motion to Dismiss with respect to such counts is hereby **DISMISSED AS MOOT**. ECF No. 24. Defendant SeaWorld's Second Motion to Dismiss with respect to the remaining Counts I and IV is **GRANTED**. Id. In essence, this case is dismissed in its entirety.

The Clerk is **DIRECTED** to forward a copy of this Order to all Counsel of Record.

**IT IS SO ORDERED**.

Robert G. Doumar
Senior United States District Judge
UNITED STATES DISTRICT JUDGE

Norfolk, VA
September ___, 2020

17